(No. 47687.—

THE PEOPLE *ex rel.* DEPARTMENT OF REGISTRA-
TION AND EDUCATION, Appellant, v. D.R.G., INC.,
*et al.* Appellees.

*Opinion filed Febrary 5, 1976.*

William J. Scott, Attorney General, of Chicago (Charles J. Pesek, Assistant Attorney General, of counsel), for appellant:

Allan L. Blair and Wexler, Wexler and Heller, Ltd., both of Chicago (Allan L. Blair and Norman R. Wexler, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On October 14, 1974, the Department of Registration and Education of the State of Illinois (Department) filed a second amended complaint in the circuit court of Cook County seeking to enjoin Lois, Inc. (defendant), a Delaware corporation, and other corporate entities from engaging in certain practices without securing a certificate of registration as a real estate broker issued by the Department. Injunctive relief was also sought against two directors of several of the corporate entities. The trial court entered a judgment on the pleadings in favor of defendant on April 25, 1975, and further found no just reason to delay an appeal (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)). The trial court expressed the view that the

certain provisions of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1973, ch. 114½, par. 101 *et seq.*) upon which the Department relied were unconstitutional. A direct appeal is taken to this court. Ill. Rev. Stat. 1973, ch. 110A, par. 302(a).

The complaint alleged that defendant was engaged in "the business of buying and selling real estate" without a valid certification as a broker by the Department. Defendant answered and counterclaimed for declaratory and injunctive relief. In this latter pleading defendant stated that it "[p]ursues legal proceedings to transfer the certificate [of purchase from tax sales] into an order directing the issuance of a tax deed which ultimately leads to counter-Plaintiff's acquisition of title to the real estate. This real estate is thereafter either held for investment or is sold." Based upon this admission the Department unsuccessfully sought judgment against defendant. In its brief defendant has further developed the scope of its activities. Defendant says it engages in the business of obtaining certificates of purchase from tax sales issued pursuant to the requirements of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 729 *et seq.*). The certificates are generally bought from individuals or entities who have previously bid at tax sales. Thereafter, defendant would sell a certificate to a third party, surrender a certificate if a redemption is made, take no action in relation to a certificate thereby abandoning the investment, or implement legal proceedings to transfer a certificate into an order directing issuance of a tax deed which ultimately leads to acquisition of title in defendant (Ill. Rev. Stat. 1973, ch. 120, par. 747). If the latter course of action is followed, the real estate is then either sold or held for investment.

It is the Department's position that the aforesaid activities place defendant within the purview of the Real Estate Brokers and Salesmen License Act. Defendant argues that its activities are not of that nature and alternatively maintains that the statute is unconstitutional.

While various positions are advanced in support of the parties' respective arguments, we need only consider the question of whether defendant was engaged in an activity governed by the Real Estate Brokers and Salesmen License Act in effect at the time when the Department sought injunctive relief in the circuit court. It is therefore necessary to briefly outline the statutory framework concerning the activities which render one a "broker" within the meaning of this statute.

Prior to the enactment of the 1973 statute, now at issue, a corporation might be certified as a real estate broker if each of its officers or members who actively engaged in the brokerage business was individually certified. (Ill. Rev. Stat. 1971, ch. 114½, par. 1.) The term "broker" was defined to include any "corporation, who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate *** *for another or others.*" (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 114½, par. 2.) It is the position of defendant that its activities were not within the purview of the definition contained in the 1971 statute because its activities were transacted for its own account.

In 1973 the statute was repealed and an extensive new statute enacted in lieu thereof. (Laws of 1973, at 2746 *et seq.*) The term "broker" was defined in section 4.02(a) in the same manner as set forth in the 1971 statute with the significant addition that the definition was expanded to include anyone who performed certain acts relating to real estate "for his own account while engaged in the business of buying *and* selling real estate." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 114½, par. 104.02(a).

Defendant argues that section 4.02(a) (par. 104.02(a)) of the 1973 statute, which was at issue during all these proceedings, was not applicable for it defined "broker" as one who performs certain acts pertaining to real estate "for his own account while engaged in the business of

buying *and* selling real estate." Defendant argues that while it deals for its own account and, at times, sells real estate, it does not buy real estate but only buys tax sale certificates. Defendant maintains that the mere fact some of these tax certificates ripen into tax deeds by operation of law (Ill. Rev. Stat. 1973, ch. 120, par. 747) does not constitute the buying of real estate. The Department maintains that the term "buying *and* selling real estate" should be read to mean "buying *or* selling real estate." Alternatively, the Department suggests that the purchase of a tax certificate is encompassed within the definition of real estate which means "every interest or estate in land." Ill. Rev. Stat. 1973, ch. 114½, par. 104.01.

We note that Public Act 79—757 has modified section 4.02(a) of the 1973 statute to encompass the "buying *or* selling of real estate." While we are aware of cases which have suggested that the word "and" may be read as the word "or" (*People ex rel. Watseka Telephone Co. v. Emmerson* (1922), 302 Ill. 300, 306; *Voight v. Industrial Com.* (1921), 297 Ill. 109, 114), such construction is appropriate only in situations where the literal reading of the statute is at variance with the legislative intent (*Campbell v. Prudential Insurance Co.* (1958), 15 Ill.2d 308, 311). We do not perceive any valid indication from a reading of the 1973 statute that would indicate that the term "and" should be construed as "or" for determination of whether certain activities were within the definition of a "broker." Moreover, the subsequent amendment reflecting the change to the word "or" is not persuasive. The amendment does not appear to be an attempt to define section 4.02(a) as originally enacted but rather seems to be an effort to change the law by further expanding the activities of persons or other entities which would place them within the definition of the term "broker."

It has been recognized that a certificate of purchase for delinquent real estate is not an interest in real estate. (*Wells v. Glos* (1917), 277 Ill. 516, 518-20; see also *City of*

*Chicago v. City Realty Exchange, Inc.* (1970), 127 Ill. App. 2d 185, 190.) Defendant's acquisition of certificates of purchase was not within the definition of real estate as contained in the statute. And defendant was not engaged in buying *and* selling real estate within the meaning of the 1973 statute at the time the Department sought injunctive relief against defendant.

Since our determination of this issue is dispositive of this appeal, we need not reach the other constitutional issues propounded by the parties. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*