*In re* MARRIAGE OF JANE STAFEIL, Petitioner-Appellee, and WALTER STAFEIL, Respondent-Appellant.

First District (2nd Division)   No. 87—0997

Opinion filed April 26, 1988.

Stephen R. Murray, of Senechalle & Murray, P.C., of Arlington Heights, for appellant.

Steven R. Lake and Alan J. Toback, both of Steven R. Lake & Associates, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

The marriage between Jane Stafeil (hereinafter the Wife) and Walter Stafeil (hereinafter the Husband) was dissolved on August 29, 1980, by judgment for dissolution entered by the circuit court of Cook County. The judgment awarded custody of the Stafeil's oldest child, William, born May 30, 1963, to the Wife, and their youngest child, Jeffrey, born December 16, 1969, to the Husband. The judgment provided that the Husband shall be permitted to reside in the State of Tennessee with Jeffrey. Thereafter, the Husband and Jeffrey resided in Tennessee and the Wife and William remained in Illinois. Pursuant to the judgment, the children visited with their other parent from time to time.

On May 31, 1986, Jeffrey, then 16 years old, came to Chicago to spend the summer with his mother. During that summer, he expressed a desire to live in the Chicago area with his mother. He was accepted as a prospective student at New Trier High School. The judgment for dissolution did not provide for any child support for Jeffrey during the summer visit with his mother. The Wife does not seek any support for this period.

On September 5, 1986, the Wife filed a petition in the circuit court of Cook County to modify the judgment entered approximately six years earlier on August 29, 1980. She sought permanent custody of Jeffrey and child support while Jeffrey attended New Trier and lived with her. The Husband was notified by certified mail. He acknowledges receipt of the notice and petition to be heard on October 7, 1986, but did not appear in person or by attorney. A hearing was held. Jeffrey (the minor child), the Wife and her attorney were present. The court found that it had jurisdiction over the parties and the subject matter; that Jeffrey resided with his mother in Illinois since May 31, 1986; that he is a full-time student at New Trier High School; and that it was in the best interests of the child that the judgment for dissolution be modified. It then awarded temporary custody to the Wife, ordered the Husband to respond, and reserved the right to enter a support order retroactive to the date of the filing of the petition on September 5, 1986.

Thereafter, the Husband filed a special and limited appearance, challenged the jurisdiction of the court over the subject matter and the jurisdiction of the court to enter personal judgment against him, and moved to vacate the October 7, 1986, order granting the Wife temporary custody of Jeffrey. After a hearing held on January 7, 1987, the trial court found that it had personal and subject matter jurisdiction, struck the Husband's special and limited appearance and

converted it into a general appearance, and granted the Husband 21 days to respond to the Wife's petition to modify the judgment for dissolution as it deals with their child Jeffrey. A default order was entered against the Husband on February 10, 1987, for failure to respond to the petition.

It is undisputed that the Husband and his counsel were aware of the hearing scheduled for March 24, 1987, on the Wife's petition. Nevertheless, the Husband did not respond and did not appear in person or through counsel. The court heard testimony that Jeffrey had been residing with his mother since May 31, 1986, attended New Trier High School since September 1986, his grades are mostly A's, and heard the usual testimony dealing with the fitness of a parent seeking custody, the best interests of the child, and the ability of each parent to contribute to the support of that child. After being fully informed, the court entered an order awarding custody of Jeffrey to the Wife and requiring the Husband to pay child support in an amount no less than $781 per month retroactive to September 5, 1986, the date of the filing of the petition, through Jeffrey's graduation from high school on or about June 30, 1988.

The Husband never instituted any proceedings in Tennessee, did not invoke the jurisdiction of the Tennessee courts, and did not urge the Illinois court to yield jurisdiction to Tennessee.

The Husband's appeal challenges the propriety of the October 7, 1986, January 7, 1987, and March 24, 1987, orders of the trial court.

I

■■ ■ The purpose and function of a special and limited appearance is to challenge the jurisdiction of the court over the person of the defendant. It does not deal with subject matter jurisdiction. (Ill. Rev. Stat. 1985, ch. 110, par. 2—301(a).) Therefore, the court properly struck the Husband's special appearance insofar as he tried to use it to challenge jurisdiction over the subject matter.

The court also correctly ruled that the Husband waived his special appearance by filing a motion to vacate and an objection to the notice of deposition.

The rule in Illinois for many years has been that a special appearance is waived when a party takes affirmative action dealing with the substantive issues. (*Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 445 N.E.2d 1337.) A party cannot, by his voluntary action, request a court to exercise its jurisdiction and, at the same time, deny that said jurisdiction exists. (*McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 348 N.E.2d 500.) Therefore, a

party challenging jurisdiction of the court must limit his appearance solely to that purpose and where the party raises additional defenses, he has entered a general appearance. *J. C. Penney Co. v. West* (1983), 114 Ill. App. 3d 644, 449 N.E.2d 188.

In the instant case, the Husband filed a special and limited appearance. Before the court could rule on this, the Husband filed a motion to vacate the judgment order on the ground that the court did not have subject matter jurisdiction. He further filed an objection to the notice of deposition and asked the court for a protective order regulating discovery. The Husband failed to limit his appearance to jurisdictional matters. In addition, he asked the court for affirmative relief. Therefore, the court properly found that the Husband waived his special and limited appearance.

## II

■ The mobility of modern society and its impact on jurisdictional problems arising after the entry of the original judgment for dissolution and its usual child custody and support provisions has led to the national trend toward adoption of the Uniform Child Custody Jurisdiction Act (hereinafter the Act). Illinois joined this trend and adopted its Act in 1981. Ill. Rev. Stat. 1981, ch. 40, par. 2101 *et seq.*

The Husband's principal argument is that the Illinois courts do not have subject matter jurisdiction under the interpretation of the Act by the Illinois Supreme Court in *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 417 N.E.2d 1312. This argument, however, is misplaced, as the legislature subsequently amended the Act to reverse the rule announced by the supreme court in *Siegel.* Public Act 82–190, effective August 14, 1981, added to section 2104 a new subsection (b), which states: "A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois." Ill. Rev. Stat. 1985, ch. 40, par. 2104(b).

In the case at bar, it is undisputed that the Illinois court never conceded jurisdiction to a foreign State and the Wife has continuously resided in Illinois, from the date of the original judgment in Illinois up to the present time. Jeffrey, the subject of the custody dispute, resided in Illinois from May 31, 1986, up to the present time.

A recent interpretation of section 2104(b) can be found in *In re Marriage of Kitchen* (1984), 126 Ill. App. 3d 192, 467 N.E.2d 344. In *Kitchen,* the parties were divorced in Illinois and Mrs. Kitchen received temporary custody of her child. Both parties relocated to different States. Mrs. Kitchen filed a petition in Illinois for leave to re-

move her daughter to Nebraska. Mr. Kitchen responded by filing a petition in Texas to modify the Illinois child custody order. He also contested the jurisdiction of the Illinois court by filing a special and limited appearance in Illinois. The trial court ruled that it had continuing subject matter jurisdiction to hear the child custody dispute and the appellate court affirmed.

In the case at bar, the Stafeils were divorced in Illinois, and the judgment for dissolution entered in Cook County made provisions for the custody arrangement of the two children. Mrs. Stafeil, as did Mrs. Kitchen, filed a petition to modify the initial child custody order in Illinois even though her former husband had relocated to a different State. At no time did the Illinois court concede jurisdiction of this matter to a foreign State. Therefore, it is clear that Illinois has continuing subject matter jurisdiction over this cause under section 2104(b) (Ill. Rev. Stat. 1981, ch. 40, par. 2104(b)).

The Act also provides:

"(a) the circuit courts have jurisdiction to make a child custody determination by initial or modification judgment, if:

\* \* \*

(2) it is in the best interest of the child that a court of this State assume jurisdiction because

(i) \*\*\* the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Ill. Rev. Stat. 1981, ch. 40, par. 2104(a)(2).

The facts of this case clearly come within the purview of section 2104(a)(2). The petitioner and the child have a "significant connection with this State" and "there is available in this State substantial evidence concerning the child's present or future care." Therefore, the trial court correctly determined that it has jurisdiction over the subject matter.

### III

■ Next, the Husband contends that even if the court had jurisdiction to modify the judgment for dissolution with regard to custody of Jeffrey, it did not have jurisdiction to enter an order requiring him to pay child support and his Wife's attorney fees. He argues that the court did not have jurisdiction over his person because the manner in which the Wife served notice under section 2106(b)(3) is good only as notice of a custody proceeding and does not include a determination

regarding child support.

Before a court can impose an affirmative obligation, such as the duty to pay child support, it must first possess and assert jurisdiction over the person. *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 463 N.E.2d 955.

In *Hostetler*, the parties' marriage was dissolved in McLean County, Illinois, and Mrs. Hostetler received custody of the child. Subsequently, both parties moved to different jurisdictions: she to Cook County, Illinois, and he to California. Mrs. Hostetler filed a petition in Cook County to modify the McLean County judgment by increasing the child support payments. The petition and notice were sent to Mr. Hostetler in California. The court held that it did not have personal jurisdiction over Mr. Hostetler because a summons must be served on the defendant where the petition to modify a prior child support order is, not filed where the initial custody order was entered. The court did state, however, "had [Mrs. Hostetler] elected to proceed in the circuit court of McLean County, which respondent admits had jurisdiction over him pursuant to his appearance, mere notice would have been sufficient to bind respondent personally." 124 Ill. App. 3d at 33, citing *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 485, 261 N.E.2d 216.

In the case at bar, the Wife filed her petition in the county where the original orders were entered. The court retained personal jurisdiction over the Husband to modify the judgment by ordering the Husband to pay child support and the Wife's attorney fees.

### IV

■ Finally, the Husband contends that even if the trial court had personal and subject matter jurisdiction, the orders must be reversed because the evidence was not sufficient to support its findings. We disagree.

In cases involving custody, there is a strong and compelling presumption in favor of the result reached by the trial court. The award of custody will only be reversed if it is contrary to the manifest weight of the evidence. *In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361.

A careful review of the record leads us to the conclusion that the determination of the trial court is supported by the evidence.

Accordingly, the orders of the trial court are affirmed.

Affirmed.

STAMOS and SCARIANO, JJ., concur.