GERALD REVELLE *et al.*, Plaintiffs-Appellees, v. WILLIAM L. DAVIS *et al.*, Defendants-Appellants.

Fifth District    No. 5—94—0590

Opinion filed July 26, 1995.

Robert W. Wilson and Alexander M. Wilson, both of Evans & Dixon, of Edwardsville, for appellants.

John J. Kurowski, of Kurowski & Courtney, P.C., of Swansea, for appellees.

JUSTICE RARICK delivered the opinion of the court:

Plaintiffs, Gerald Revelle, Delores Revelle, and RDB Development Company, brought a lawsuit for legal malpractice against William Davis and Moser, Marsalek, Carpenter, Cleary, Jaeckel and

Keaney for an alleged failure to renew a written lease. The failure to renew the lease resulted in the closing of plaintiffs' business, a restaurant in St. Louis, Missouri. The suit was filed in St. Clair County, Illinois, in January 1989. Defendants filed a motion to transfer or dismiss the cause based on the doctrine of *forum non conveniens*. The court denied the motion but, after several years of pretrial discovery and preparation, transferred the case *sua sponte* in May 1992. By the time the case was dismissed in Illinois, the statutes of limitations in both Illinois and Missouri had expired. As a condition of dismissal in Illinois, defendants were not to raise any statute of limitations defense in Missouri. Plaintiffs subsequently refiled their case in Missouri in May 1993. Defendants filed a motion to dismiss the Missouri lawsuit on the grounds the statute of limitations had run. The Missouri court dismissed the lawsuit on September 1, 1993. On September 30, 1993, plaintiffs filed a motion to reinstate their case in St. Clair County. On order of the court, the case was refiled under a new file number with all rulings and pleadings preserved. Defendants, in turn, filed a special and limited appearance and a motion to reconsider reinstatement. In their motion, defendants alleged that plaintiffs failed to secure service of process against defendants in the new pending action and that reinstatement was time barred because plaintiffs' refiling of the lawsuit in Missouri was untimely.

The special and limited appearance and motion to set aside reinstatement were argued in March 1994. Following argument, the court took the motion under advisement. No ruling on the motion had been issued when in June the court set the matter for trial. On July 6, 1994, defendants served a notice to take discovery deposition. Plaintiffs filed a motion to continue the deposition, to which defendants filed a response. Defendants also reset the special and limited appearance and motion against reinstatement. On August 3, 1994, the trial court denied defendants' motions. While their petition for leave to appeal was pending, defendants filed an amended notice to take discovery deposition and served a request to produce documents. This court then granted leave to appeal. (See 134 Ill. 2d R. 306.) By several different avenues, defendants argue the trial court erred in denying their special, limited appearance and in denying their motion to set aside the order of reinstatement. We affirm.

■ Defendants initially contend there is neither subject matter jurisdiction nor personal jurisdiction in this controversy as there is neither a summons nor a complaint. The record reveals otherwise. Once the action was dismissed in Missouri, plaintiffs moved to reinstate their cause of action in Illinois. The trial court granted the mo-

tion and specifically ordered that all rulings and pleadings were to be preserved. Upon reinstatement, the clerk of the court simply renumbered the file jackets to reflect the new case number. The renumbering of the cause did not create a new proceeding; the effect merely was a continuation of the original case. (See *Ryan v. Miller* (1978), 58 Ill. App. 3d 283, 286, 374 N.E.2d 257, 259.) Additionally, defendants also waived any lack-of-service issue by generally appearing in the case. It is true that defendants filed a special and limited appearance to challenge jurisdiction. It is also true that while defendants' motion was under consideration, the trial court set a trial date. What defendants fail to acknowledge is that their original pleading entitled "special and limited appearance" was not confined to a special and limited appearance. The pleading also contained a motion to set aside the order of reinstatement. A special appearance is waived when a party takes affirmative action dealing with substantive issues. (See *In re Estate of Zoglauer* (1992), 229 Ill. App. 3d 394, 397, 593 N.E.2d 93, 96; see also *In re Marriage of Stafeil* (1988), 169 Ill. App. 3d 630, 633, 523 N.E.2d 1003, 1005.) Defendants also served notices to take discovery depositions, filed a response to a motion to continue deposition, served a request for production of documents, and appeared at several motion hearings. Defendants failed to limit their appearance and, in so doing, waived any jurisdictional objection. See *Stafeil*, 169 Ill. App. 3d at 633-34, 523 N.E.2d at 1005; *In re Marriage of Falstad* (1987), 152 Ill. App. 3d 648, 653, 504 N.E.2d 908, 912.

Defendants also contend the trial court erred in permitting reinstatement of the case in Illinois. Defendants believe that refiling was time barred because plaintiffs failed to refile the action in Missouri within six months of the original dismissal order under the doctrine of *forum non conveniens.*

■ Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)) states:

"Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:

(i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and

(ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.

If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted. If the court in the other forum refuses to accept jurisdiction, the plaintiff may, within 30 days of the final order refusing jurisdiction, reinstate the action in the court in

which the dismissal was granted. The costs attending a dismissal may be awarded in the discretion of the court."

Defendants suggest that Rule 187(c)(2)(i) requires refiling within six months of a *forum non conveniens* dismissal. We agree with the conclusions in *Rutledge v. Scott Chotin, Inc.* (7th Cir. 1992), 972 F.2d 820, that the condition of Rule 187(c)(2)(i) applies only to the acceptance of service, while Rule 187(c)(2)(ii) applies whenever plaintiff reasonably files in the new forum. (See *Rutledge*, 972 F.2d at 823-24.) Defendants, however, refused to waive the statute of limitations defense when plaintiffs filed, in a reasonable time, their cause of action in Missouri. Defendants' refusal contravened both Rule 187 and the order of dismissal granted by Illinois. Plaintiffs, on the other hand, did exactly what they were supposed to do. Once Missouri refused jurisdiction, plaintiffs, in accordance with Rule 187, timely reinstated their action in the same court in which the original *forum non conveniens* dismissal was granted. Accordingly, we cannot say that the trial court erred in reinstating plaintiffs' cause of action in Illinois.

For the aforementioned reasons, we affirm the order of the circuit court of St. Clair County and remand this cause for further proceedings.

Order affirmed.

GOLDENHERSH and LEWIS, JJ., concur.