(No. 79969 

ALBERT MILLER, Appellee, v. CONSOLIDATED RAIL CORPORATION, Appellant.

*Opinion filed June 20, 1996.—Rehearing denied September 30, 1996.*

MILLER, J., joined by HEIPLE, J., dissenting.

Thomas E. Jones, James C. Cook and John E. Sabo, of Walker & Williams, P.C., of Belleville, for appellant.

Roger C. Denton, of Schlichter, Bogard & Denton, of St. Louis, Missouri, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

This interlocutory appeal arises from the Madison County circuit court's order denying defendant's second motion to dismiss plaintiff's personal injury lawsuit, based on *forum non conveniens*, following the reinstatement of the lawsuit. The appellate court denied defendant's petition for leave to appeal the circuit court's ruling. 155 Ill. 2d R. 306. We subsequently allowed defendant's petition for leave to appeal (155 Ill. 2d R. 315), and now affirm the circuit court's order.

## BACKGROUND

On May 17, 1993, plaintiff, Albert Miller, then a resident of Knox, Indiana, commenced this lawsuit by filing a complaint in the circuit court of Madison County against defendant, Consolidated Rail Corporation. Plaintiff's lawsuit, brought pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (1988)), seeks recovery for injuries allegedly suffered during the course of his employment with defendant from May 1955 to April 1991. Plaintiff's complaint avers that throughout his tenure of work with defendant, he was exposed to repetitive trauma which has resulted in carpel tunnel syndrome and lumbar radiculopathy.[1]

On June 19, 1993, defendant moved the circuit court to dismiss the suit, arguing, *inter alia*, that plaintiff's

---

[1]The complaint does not put forth specific dates regarding the injuries alleged by plaintiff, but rather avers that repetitive injuries occurred to plaintiff throughout his employment with defendant.

suit was time-barred under the three-year statute of limitations applicable to FELA lawsuits (45 U.S.C. § 56 (1988)). Before the trial court issued a ruling on this motion, defendant moved the court to decline jurisdiction of the lawsuit based on the doctrine of *forum non conveniens*. In support of the motion, defendant argued that Madison County was an inconvenient forum because plaintiff worked for defendant in Indiana and all of the occurrence and medical witnesses appeared to be Indiana residents. The motion was granted subject to the conditions of Supreme Court Rule 187 (134 Ill. 2d R. 187). In its order of October 22, 1993, the court ruled:

"Defendant's motion granted with the agreement of defendant[ ] that plaintiff shall have the right to refile said cause in another jurisdiction upon the condition that defendant waives the statute of limitations for 6 months from the date of this order.

If defendant fails to waive said statute of limitations this cause shall be reinstated. (Rule 187)."

On November 2, 1993, plaintiff filed his FELA lawsuit in the circuit court of St. Louis, Missouri, where defendant and counsel for plaintiff had several FELA matters pending at that time. On December 2, 1993, defendant moved the Missouri court to dismiss the suit for lack of jurisdiction and venue, and on February 8, 1994, defendant moved to dismiss the suit on the grounds that it was time-barred under FELA's three-year statute of limitations. The Missouri court denied both motions. On April 6, 1994, defendant filed its answer to the complaint and raised an affirmative defense based on the FELA statute of limitations. Thereafter, the parties took discovery.

On November 17, 1994, although the cause had twice been set for trial, defendant moved the Missouri court to dismiss the suit on the basis of *forum non conveniens*. Like the earlier forum motion filed in Illinois, this motion was also based on the theory that Indiana would be

a more convenient forum. However, before the Missouri court ruled on this motion, plaintiff returned to the circuit court of Madison County and, on February 9, 1995, moved the court to reinstate his FELA lawsuit. In the motion, plaintiff asserted that under Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)) he was entitled to reinstate his lawsuit in Illinois because defendant had failed to abide by the conditions of the Madison County court's order of October 22, 1993, which required defendant to waive the statute of limitations defense while the suit was pending in the Missouri court.

Rule 187(c)(2) provides:

"Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:

(i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and

(ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.

If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted." 145 Ill. 2d R. 187(c)(2).

In opposition to plaintiff's motion to reinstate, defendant argued that Rule 187(c)(2) was not a proper basis upon which to reinstate plaintiff's suit. Defendant charged that subdivision (c)(2)(i) of Rule 187 did not permit plaintiff to refile the dismissed action in Missouri, which defendant characterized as a more inconvenient forum than Illinois. Defendant also claimed that subdivision (c)(2)(ii) should not be interpreted to extend the statute of limitations if a lawsuit is time-barred when initially filed in Illinois. On March 24, 1995, the Madison County court rejected defendant's objections and granted plaintiff's motion to reinstate the case. Defendant moved the court to certify for appeal the ques-

tions it had raised in opposition to plaintiff's motion to reinstate (see 155 Ill. 2d R. 308), but the court denied this motion. On May 4, 1995, plaintiff voluntarily dismissed the lawsuit pending in Missouri.

On May 30, 1995, defendant once again moved the court to dismiss the lawsuit under the doctrine of *forum non conveniens*. Defendant's motion reiterated its position that Indiana was a more convenient forum. With the motion, defendant included excerpts from plaintiff's deposition testimony taken while the lawsuit was pending in Missouri wherein plaintiff testified that his employment with defendant was entirely in Indiana and that his medical witnesses were located in Indiana. On July 14, 1995, the circuit court denied defendant's forum motion.

On August 8, 1995, defendant filed a petition for leave to appeal to the appellate court. On September 13, 1995, the appellate court, exercising its discretion under Supreme Court Rule 306 (155 Ill. 2d R. 306), issued an order denying the petition. Thereafter, we granted defendant's petition for leave to appeal to this court under Supreme Court Rule 315 (155 Ill. 2d R. 315).

## ANALYSIS

As a threshold matter, we address three arguments relied upon by plaintiff concerning why we should not consider defendant's appeal. Plaintiff contends that we do not have jurisdiction over defendant's appeal. Plaintiff also asserts that defendant's failure to obtain certification of the legal questions it now raises on appeal precludes our review of those issues. In addition, plaintiff claims that defendant's latest forum motion was untimely and therefore waived. We discuss each of these contentions in turn.

### Jurisdiction

Plaintiff contends that this court does not have ju-

risdiction over defendant's appeal because defendant did not seek a timely appeal from the orders of the circuit court. Although defendant filed a notice of appeal within 30 days of the circuit court's order denying its latest forum motion, plaintiff asserts that the gravamen of defendant's appeal concerns the propriety of the circuit court's order of October 22, 1993, conditioning dismissal for *forum non conveniens* on defendant's compliance with the conditions in Rule 187(c)(2), and also the order of March 24, 1995, reinstating plaintiff's lawsuit. Neither of these orders was appealed by defendant. Plaintiff argues that defendant's latest forum motion does not raise any new matters and, as such, may not toll the time within which to seek a timely appeal from the circuit court's prior orders.

Supreme Court Rule 306 (155 Ill. 2d R. 306) governs the filing requirements for interlocutory appeals to the appellate court from orders of the circuit court denying a motion to dismiss on the basis of *forum non conveniens*. Rule 306, as amended, provides, in pertinent part:

"A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

\*\*\*

(2) from an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens* \*\*\*." 155 Ill. 2d R. 306(a)(2).[2]

Rule 306 also provides that "[a]n original and three copies of the petition \*\*\* shall be filed in the Appellate Court in accordance with the requirements for briefs *within 30 days after the entry of the order*." (Emphasis

[2]The amended Rule 306, effective February 1, 1994, provides for appeals from the allowance *or* denial of a forum motion. 155 Ill. 2d R. 306(a)(2). At the time of the circuit court's order of October 22, 1993, granting defendant's original forum motion, Rule 306 only provided for appeals from the denial of a forum motion. 134 Ill. 2d R. 306(a)(1)(ii).

added.) 155 Ill. 2d R. 306(b). The 30-day time limit for filing the petition for leave to appeal from the denial of forum motions is therefore jurisdictional. See *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 285-86 (1988); *Barnes v. Southern Ry. Co.*, 116 Ill. 2d 236, 241 (1987); *Kemner v. Monsanto*, 112 Ill. 2d 223, 236 (1986).

The notice of appeal from the circuit court's order of July 14, 1995, denying defendant's forum motion was filed within 30 days and therefore Rule 306 directly applies. Since the promulgation of Rule 306, three decisions of this court have recognized that, for jurisdictional purposes, petitions for leave to appeal may be filed within 30 days of all interlocutory orders denying a motion to dismiss on the basis of *forum non conveniens*. See *Kemner*, 112 Ill. 2d at 238-39; *Barnes*, 116 Ill. 2d at 244-45; *McClain*, 121 Ill. 2d at 286-87. Like the orders timely appealed from in those cases, the circuit court's order of July 14, 1995, denying defendant's latest forum motion was interlocutory in nature and thus appealable under Rule 306. Since defendant filed a timely petition for leave to appeal from that order, we may properly exercise jurisdiction over this appeal.

### Certification

Plaintiff also asserts that defendant's failure to obtain the circuit court's certification of particular questions of law pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) precludes our review of defendant's appeal. Plaintiff points out that after his lawsuit was reinstated in Madison County, the circuit court denied defendant's request to certify questions of law regarding the reinstatement. Plaintiff contends that we are prevented from reviewing defendant's appeal because defendant raises the same issues which the circuit court declined to certify pursuant to Rule 308.

In the present case, defendant's appeal is specifically authorized by Rule 306. While it is true that defendant

did not obtain the requisite certification from the circuit court for a permissive interlocutory appeal from the order reinstating plaintiff's lawsuit, defendant's appeal is not from that order. Rather, defendant appeals from the circuit court's order of July 14, 1995, denying its motion to dismiss on the grounds of *forum non conveniens*. Such an appeal does not require certification of legal questions and is specifically authorized by Rule 306. 155 Ill. 2d R. 306(a)(2); see also *McClain*, 121 Ill. 2d at 287; *Barnes*, 116 Ill. 2d at 244-45; *Kemner*, 112 Ill. 2d at 239. Thus, plaintiff's argument is without merit.

## Rule 187(a)

Plaintiff further claims that we should not consider defendant's appeal from the denial of its latest forum motion because that motion was not timely filed with the circuit court and, as a result, any consideration of it has been waived. Plaintiff directs our attention to Supreme Court Rule 187(a), which requires that all *forum non conveniens* motions be filed no later than 90 days after the last day allowed for the filing of that party's answer. 134 Ill. 2d R. 107(a). Plaintiff argues that since defendant's latest forum motion was filed on May 30, 1995, nearly two years following defendant's first responsive pleading, its merit should not be considered.

Rule 187(a) provides:

> "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." 134 Ill. 2d R. 187(a).

The time limit set forth in Rule 187 (a) for the filing of forum motions is unambiguous. The rule clearly indicates that the 90-day time limit is triggered by the deadline set for "the last day allowed for the filing of that party's answer." 134 Ill. 2d R. 187(a); see also *Barnes*, 116 Ill. 2d at 250; *Kemner*, 112 Ill. 2d at 242. Under

the rules promulgated by this court, the circuit court has broad discretion in setting and extending the deadlines for the filing of pleadings. See 134 Ill. 2d Rs. 181 through 183. However, the record in the present case reveals that the circuit court did not set a deadline for the filing of defendant's answer, and, in fact, defendant did not file an answer in the Illinois suit. Therefore, the time limit set forth in Rule 187(a) did not proscribe the circuit court from considering defendant's latest forum motion. See *Barnes*, 116 Ill. 2d at 250; *Kemner*, 112 Ill. 2d at 242.

### Rule 187(c)(2)

We now address the substantive arguments raised in defendant's appeal. The sole issue that defendant asks us to consider is the propriety of the circuit court's order denying defendant's latest forum motion. On this issue, defendant invites us to balance the relevant public and private interests which normally bear on assessing whether a circuit court abused its discretion in denying a forum motion. See, *e.g.*, *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 399-404 (1991). In so doing, defendant relies on that portion of the circuit court's order of October 22, 1993, which granted its original forum motion. Defendant maintains that the public and private interests have not changed since that dismissal and continue to yield the conclusion that Indiana is a more convenient forum. In this regard, defendant acknowledges that the circuit court's order of October 22, 1993, specifically conditioned dismissal of plaintiff's lawsuit on defendant's compliance with Rule 187(c)(2), which contains the conditions for entitlement to dismissal on grounds of *forum non conveniens*. See 134 Ill. 2d R. 187(c)(2). However, by several different avenues, defendant asserts that the conditions in Rule 187(c)(2) do not support the denial of defendant's latest forum motion and, as such, should not preclude the court from

balancing the interests which usually govern the granting or denial of a forum motion.

### Subdivision (c)(2)(i)

Subdivision (c)(2)(i) of Rule 187 provides that "if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court." 134 Ill. 2d R. 187(c)(2)(i). Defendant challenges this condition as impermissibly requiring a waiver of its constitutional right to object to that forum's lack of personal jurisdiction over defendant.

Defendant's interpretation of subdivision (c)(2)(i) is misplaced. The requirements of Rule 187 subdivisions (c)(2)(i) and (c)(2)(ii) are *conditions precedent* to the granting of a defendant's motion to dismiss based on *forum non conveniens*. See 134 Ill. 2d R. 187(c)(2); see also *McClain*, 121 Ill. 2d at 292. The language setting forth the condition found in subdivision (c)(2)(i) is straightforward. Subdivision (c)(2)(i) does not impose any requirement on defendant to waive personal jurisdictional challenges to another forum. Rather, subdivision (c)(2)(i) merely provides that, as a condition for entitlement to dismissal on the basis of *forum non conveniens*, defendant shall *accept service of process* if plaintiff files in another forum within six months of the dismissal. See *McClain*, 121 Ill. 2d at 292. The condition of acceptance of service of process does not equate with a waiver of personal jurisdictional challenges to another forum.

Indeed, in the instant case, defendant was not compelled by subdivision (c)(2)(i) to waive its right to object to another forum's lack of personal jurisdiction. The record reveals that after plaintiff filed his lawsuit in Missouri, defendant challenged the Missouri court's jurisdiction over defendant. The record also reveals that the Missouri court held a hearing on the motion, considered its merit, and later denied the motion.

Therefore, subdivision (c)(2)(i) of Rule 187 did not operate to prevent defendant from raising personal jurisdictional challenges.

Defendant also contends that subdivision (c)(2)(i) does not permit a plaintiff to file a lawsuit in a forum which is less convenient than the court which previously dismissed the suit on the basis of *forum non conveniens*. According to defendant, plaintiff's choice of Missouri is less convenient than Illinois, and it would be irrational to apply subdivision (c)(2)(i) to allow such a result.

Subdivision (c)(2)(i) does not address where a plaintiff may file a lawsuit after the suit has been dismissed for *forum non conveniens*. As noted above, that subdivision merely puts forth as a condition precedent for a defendant's entitlement to dismissal on the basis of *forum non conveniens* that if the plaintiff decides to file suit in "another forum," then defendant will accept service of process from that forum. 134 Ill. 2d R. 187(c)(2)(i); see also *McClain*, 121 Ill. 2d at 292. By its terms, subdivision (c)(2)(i) contains no qualifying criteria regarding plaintiff's choice of an alternate forum. See *McClain*, 121 Ill. 2d at 292. Therefore, we reject defendant's attempt to engraft such a qualification on subdivision (c)(2)(i).

### Subdivision (c)(2)(ii)

Subdivision (c)(2)(ii) of Rule 187 provides that "if the statute of limitations has run in the other forum, the defendant shall waive that defense." 134 Ill. 2d R. 187(c)(2)(ii). Defendant contends that the condition that defendant waive the statute of limitations defense, if the statute of limitations has run in the other forum, applies to lawsuits which are not time-barred under the applicable statute of limitations only when initially filed in the Illinois court that dismissed the lawsuit for *forum non conveniens*. In the instant case, defendant argues,

the statute of limitations had run in Illinois at the time the suit was initially filed in 1993. Defendant contends that the three-year statute of limitations applicable to FELA lawsuits is a constant, regardless of the forum in which plaintiff files suit. See 45 U.S.C. § 56 (1988). Therefore, the three-year limit had run in both Illinois and Missouri, and Rule 187 does not preclude defendant's reliance on the statute of limitations period. Defendant maintains that "Rule 187(c)(2)(ii) was never intended to place Conrail in a position of waiving its FELA statutory defense if it would have been applicable had the matter remained in Illinois." Defendant claims that the waiver condition of subdivision (c)(2)(ii) only applies to the "subsequent running of the statute of limitations" which would preserve plaintiff's rights if the initial suit was timely filed. According to defendant, plaintiff's lawsuit was time-barred under FELA's statute of limitations when it was initially filed in Madison County and, as a result, defendant's assertion of the FELA statute of limitations while plaintiff's FELA lawsuit was pending in Missouri did not violate the condition of subdivision (c)(2)(ii) or the Madison County circuit court's order of October 23, 1993. Therefore, defendant is not barred from again moving to dismiss based on *forum non conveniens.*

Like the condition in subdivision (c)(2)(i), the condition in subdivision (c)(2)(ii) applies to all dismissals on the basis of *forum non conveniens* by an Illinois court. See *McClain,* 121 Ill. 2d at 292. As a result, the plain language of subdivision (c)(2)(ii) instructs that the condition applied to the circuit court's denial of defendant's latest forum motion in the instant case.

Defendant, by raising the statute of limitations while plaintiff's lawsuit was pending in the Missouri court, violated the condition in subdivision (c)(2)(ii). Even though no decision of this court has expressly adopted

an approach regarding the scope of the condition in subdivision (c)(2)(ii), language from *McClain* and *Barnes* reflects an apparent difference of opinion as to the time constraint of its applicability. See *McClain*, 121 Ill. 2d at 292; *Barnes*, 116 Ill. 2d at 251. In each of those cases, this court reversed the denial of a defendant's forum motion and directed the circuit court to enter an order dismissing the lawsuit on the basis of *forum non conveniens*. See *McClain*, 121 Ill. 2d at 292; *Barnes*, 116 Ill. 2d at 251. However, in so doing, *McClain* and *Barnes* each instructed the circuit court differently as to the scope of the condition in subdivision (c)(2)(ii). See *McClain*, 121 Ill. 2d at 292; *Barnes*, 116 Ill. 2d at 251. Citing to Rule 187(c)(2), this court in *McClain* stated:

> "We remand the cause of action to the circuit court to dismiss the action on the condition that if the plaintiffs elect to file the action in another forum within six months of the dismissal order, [defendant] shall accept service of process from that court *and* shall waive the defense of the statute of limitations." (Emphasis added.) *McClain*, 121 Ill. 2d at 292.

*McClain* apparently construed the six-month contingency of the condition imposed by the condition in subdivision (c)(2)(i)—that the suit be filed in another forum within six months of the dismissal—to apply to the condition in subdivision (c)(2)(ii). See *McClain*, 121 Ill. 2d at 292. In contrast, *Barnes* employed language indicating that the condition of waiving the statute of limitations defense would apply where plaintiff elected to file suit in another forum at any point up to one year from the dismissal order. See *Barnes*, 116 Ill. 2d at 251. Citing to subdivision (c)(2)(ii), this court in *Barnes* directed the circuit court that if defendant asserted the statute of limitations defense in a lawsuit filed by plaintiff

> "within one year from the date of dismissal of this case, based on the cause of action asserted herein, then the

plaintiff shall be given leave to reinstate this case ***." *Barnes*, 116 Ill. 2d at 251.

The Seventh Circuit Court of Appeals, in *Rutledge v. Chotin*, 972 F.2d 820, 823-24 (7th Cir. 1992), acknowledged the inconsistent interpretations of *McClain* and *Barnes* as to the time constraint imposed by subdivision (c)(2)(ii)'s condition of waiver of the statute of limitations and, in response, declined to follow either approach. The *Rutledge* court observed that the previously mentioned language of *McClain* was consistent with interpreting the six-month contingency of the condition in subdivision (c)(2)(i) to apply to both the acceptance of service in subdivision (c)(2)(i) *and* the waiver of the statute of limitations in subdivision (c)(2)(ii). See *Rutledge*, 972 F.2d at 823. However, the court assumed that interpretation to be incorrect because it was inconsistent with the aforementioned language of *Barnes*. See *Rutledge*, 972 F.2d at 823. Instead of adopting either approach, the court concluded that the condition in subdivision (c)(2)(ii) applies only if the statute of limitations has run at the time of the lawsuit's dismissal for *forum non conveniens*. See *Rutledge*, 972 F.2d at 823-24. In reaching that conclusion, the court examined the language of subdivision (c)(2)(ii) in isolation from that of subdivision (c)(2)(i) and reasoned that "the use of the present perfect tense ('has run') indicates that the 'running' is to be concurrent with the dismissal." *Rutledge*, 972 F.2d at 823. Our appellate court in *Revelle v. Davis*, 273 Ill. App. 3d 718, 721 (1995), subsequently embraced *Rutledge*'s approach of viewing the condition in subdivision (c)(2)(ii) as being separated from the time limitation of subdivision (c)(2)(i).

We believe that the approach apparently adopted by *McClain* as to the time constraint of the condition in subdivision (c)(2)(ii) is consistent with the plain language of Rule 187(c)(2). Significantly, the condition in subdivision (c)(2)(ii) is expressly preceded by the word "and"

connecting that subdivision with the language setting forth the condition in subdivision (c)(2)(i). See 134 Ill. 2d R. 187(c)(2). In interpreting an enactment, it is well established that the use of the word "and" in the conjunctive is appropriate and will be given effect unless such use would produce a result not intended. See *People ex rel. Department of Registration & Education v. D.R.G., Inc.*, 62 Ill. 2d at 401, 405 (1976). We do not perceive any basis upon which to construe the term "and" connecting the time constraint in subdivision (c)(2)(i) with that of subdivision (c)(2)(ii) as being superfluous especially where the condition in subdivision (c)(2)(i) already requires defendants to accept service of process as long as a plaintiff files its lawsuit in another forum within six months of dismissal on the basis of *forum non conveniens*. Accordingly, we hold that the condition in subdivision (c)(2)(ii) requiring a defendant to waive the statute of limitations defense applies where a plaintiff files the lawsuit previously dismissed for *forum non conveniens* within six months of the dismissal. In other words, a defendant is entitled to dismissal from an Illinois court on the basis of *forum non conveniens* only if the defendant accepts service of process and waives the statute of limitations defense where a plaintiff files suit in another forum within six months of the dismissal. To the extent that *Barnes* is inconsistent with that holding, it is overruled, as is the approach to subdivision (c)(2)(ii) taken by the appellate court in *Revelle*.

In the case at bar, the circuit court properly denied defendant's second motion to dismiss based on *forum non conveniens*. The record reveals that after the circuit court's order of October 22, 1993, dismissing plaintiff's lawsuit on the basis of *forum non conveniens*, plaintiff filed the suit in the circuit court of St. Louis on November 22, 1993. Even though defendant accepted service of

process from the Missouri court in compliance with the condition in subdivision (c)(2)(i), defendant raised the statute of limitations twice while the suit was pending in that court in violation of the condition in subdivision (c)(2)(ii). As a result, the circuit court properly found that defendant was not again entitled to dismissal on the basis of *forum non conveniens,* and we need not inquire into whether Madison County is currently an inconvenient forum for plaintiff's lawsuit.

Although defendant views the condition in subdivision (c)(2)(i) as prejudicially requiring a waiver of the statute of limitations defense in another forum where it is a viable defense both in that forum and while the lawsuit was previously pending in the Illinois court which granted the dismissal for *forum non conveniens,* defendant merely obfuscates the issue. In such instances, a defendant may successfully raise the statute of limitations in the first instance in the Illinois court and have the case dismissed.[3] A defendant is not under a procedural obligation to seek or accept dismissal for *forum non conveniens* before raising the statute of limitations while the lawsuit is pending in the Illinois court from which defendant seeks dismissal on the basis of *forum non conveniens.* In the instant case, defendant *voluntarily* elected to make a forum motion and to accept the circuit court's ruling on that motion before a ruling was issued on defendant's motion to dismiss based on the FELA statute of limitations. That is defendant's right. However, defendant may not now claim that it has been prejudiced because it has chosen to accept the circuit court's ruling on its forum motion and to subsequently raise the statute of limitations in another

---

[3]The record in the present case reveals that defendant's motion to dismiss plaintiff's lawsuit on the grounds that it is time-barred under the statute of limitations applicable to FELA lawsuits is currently pending in the circuit court.

forum in violation of the condition in subdivision (c)(2)(ii). Whether defendant has been prejudiced by its own procedural maneuvering is irrelevant; such a claim is in derogation of Rule 187(c)(2).

Because the circuit court did not abuse its discretion in denying the motion to dismiss this cause, the appellate court did not abuse its discretion in denying the defendant leave to appeal under Supreme Court Rule 306. The orders of the appellate court and circuit court are affirmed and the cause is remanded to the circuit court for further proceedings.

*Orders affirmed;*
*cause remanded.*

JUSTICE MILLER, dissenting:

Unlike the majority, I do not believe that the defendant, Consolidated Rail Corporation (Conrail), has forfeited the right to seek dismissal of the plaintiff's action on grounds of *forum non conveniens.* The trial judge erred in denying Conrail's present motion, and I would reverse the judgment of the court below.

The plaintiff originally brought the present action in the circuit court of Madison County, seeking recovery under the Federal Employers' Liability Act (45 U.S.C. §§ 51 through 59 (1988)) (FELA) for injuries allegedly caused by his exposure to repetitive trauma during the years of his employment with the railroad, from 1955 to 1991. Conrail moved for dismissal of the suit initially on the ground that it was barred by FELA's three-year statute of limitations (45 U.S.C. § 56 (1988)) and later on the ground of *forum non conveniens.* Without ruling on the statute of limitations question, the trial court dismissed the action on grounds of *forum non conveniens.* The plaintiff then filed his action in Missouri, in the circuit court of the City of St. Louis. After Conrail made unsuccessful challenges in Missouri to that court's jurisdiction and to the timeliness of the suit, the plaintiff

returned to the circuit court of Madison County and sought leave to have the case reinstated in Illinois. In support of that request, the plaintiff contended that Conrail's objections in the Missouri court violated the conditions of the order dismissing the Illinois action that the defendant would accept service in the new forum and would waive any statute of limitations defense. The Illinois court reinstated the plaintiff's action over Conrail's objection, and the plaintiff subsequently dismissed the pending Missouri action. Conrail again moved for dismissal of the Illinois action on *forum non conveniens* grounds, and the present appeal is from the denial of that motion.

There is no link between this case and Madison County, and the trial judge should have granted Conrail's present *forum non conveniens* motion, just as he had granted the defendant's initial motion. According to the materials contained in the record, the plaintiff lived in Knox, Indiana, when he originally filed suit in Madison County; by the time the action was reinstated in Madison County, the plaintiff had moved to North Judson, Indiana. Both communities are located in northern Indiana and are approximately 300 miles from Edwardsville, the county seat of Madison County. The plaintiff was employed by Conrail in northern Indiana, and it appears that all the occurrence and medical witnesses reside in that area as well. There is, in brief, no practical connection between the present suit and Madison County. That jurisdiction and venue will lie there—Conrail's tracks run through the county—is of no consequence here, for the doctrine of *forum non conveniens* assumes the existence of more than one forum in which the cause may be tried. *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991).

Although a plaintiff's choice of a forum is entitled to deference, that deference is lessened when the plaintiff

is not a resident of the place selected. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable"). In deciding whether an action should be dismissed on grounds of *forum non conveniens*, a court will consider the private interests of the litigants as well as matters of concern to society at large. In this case the relevant criteria, including the location of witnesses and other sources of proof, and the burden imposed on the forum of determining a foreign case (see *People ex rel. Compagnie Nationale Air France v. Giliberto*, 74 Ill. 2d 90, 110-11 (1978), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947)), strongly favor Indiana as the more convenient location, and the plaintiff's action should again be dismissed on grounds of *forum non conveniens*.

The majority nonetheless upholds the circuit court's decision denying Conrail's latest *forum non conveniens* motion. The majority agrees with the plaintiff that Conrail, by raising a statute of limitations defense to the Missouri suit, failed to comply with the conditions of the earlier order dismissing the plaintiff's action. The majority thus concludes that Conrail cannot raise a fresh challenge to the plaintiff's selection of a forum.

Supreme Court Rule 187(c)(2) states:

"Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:

(i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and

(ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.

If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted." 134 Ill. 2d R. 187(c)(2).

As a preliminary matter, I agree with the majority that the six-month time limit contained in subsection (i) applies as well to subsection (ii). I do not agree with the court, however, that Conrail violated one of the conditions of the original dismissal order by raising in Missouri the same objection to the timeliness of the plaintiff's action that Conrail had previously raised in Illinois.

Contrary to the majority's view, there is no reason to require a successful *forum non conveniens* movant to forgo in the new forum a statute of limitations defense that it could have raised at the original place of trial. The two grounds for dismissal are independent of each other, and there is no basis for subordinating one to the other. As Conrail observes, the plain purpose of the requirement of Rule 187(c)(2)(ii) regarding waiver of the statute of limitations is to protect the plaintiff from having a viable action transferred to a forum where it would be instantly time-barred, as a result of either the passage of time since the action was filed or the application of a shorter limitations period in the receiving state. Thus, the rule will preclude a defendant from raising in the new forum a statute of limitations defense that was not available in the original forum. In the present case, however, the plaintiff's action is governed by the same three-year limitations period wherever it is filed. In the Missouri court Conrail merely sought to raise the same defense it had already raised in Illinois, and clearly the purpose of the rule is not implicated in these circumstances.

After today's decision, defendants contemplating a *forum non conveniens* motion are well advised to seek that relief only after they are certain that the plaintiff's

suit is timely. As the majority acknowledges, its interpretation of Rule 187 effectively requires a defendant to first obtain a ruling on a statute of limitations defense before seeking dismissal of the action because of *forum non conveniens*. Raising the limitations defense in the new forum will, regardless of the outcome there, enable the plaintiff to return the case to the original forum. Ironically, the statute of limitations question must therefore be resolved by a court that might have no connection at all with the controversy.

In this manner, too, the majority erects a strong disincentive to the prompt resolution of *forum non conveniens* questions. If the price of a successful *forum non conveniens* motion is the waiver of any objection to the timeliness of the plaintiff's action, many defendants who still seek transfer to a more convenient place will likely postpone making those requests until the time allowed by Rule 187(a) for such motions is about to expire, or at least until they believe that there is no limitations defense available in the original forum.

Conrail now finds itself back in the circuit court of Madison County, a demonstrably inconvenient forum, as evidenced by the trial judge's earlier decision granting the railroad's initial *forum non conveniens* motion. "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration." *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). The majority's result in this case is contrary to the purposes of the doctrine and inconsistent with fundamental fairness and sensible and effective judicial administration.

JUSTICE HEIPLE joins in this dissent.