Ernest W. RUTLEDGE,
Plaintiff–Appellant,

v.

SCOTT CHOTIN, INC., Defendant–
Appellee.

No. 90–3666.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1991.

Decided Aug. 14, 1992.

Jeanne L. Sathre, Gail Renshaw (argued), Lakin & Herndon, Wood River, Ill., for plaintiff-appellant.

Jeanne K. Townsend (argued), Goldstein & Price, St. Louis, Mo., for defendant-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

On December 30, 1988, Ernest Rutledge filed an action in Illinois state court under the Jones Act, 46 U.S.C. App. § 688, and general maritime law for personal injuries sustained in the scope of his employment aboard Scott Chotin, Inc.'s river towboat. He alleged two separate injuries the first occurring on or about May 1, 1986,[1] and the

---

1. Judge Mihm recognized a discrepancy in the record as to the date of the plaintiff's injury. The complaint alleged that the injury occurred on or about May 1, 1986, and the defendant's summary judgment motion alleged that the injury occurred on June 19, 1986. The filing date in the district court was more than three years, plus allowable tolling, from either of these

second occurring on or about April 1, 1987. On April 7, 1989, the Illinois state court dismissed the action under the doctrine of *forum non conveniens*, stating in the order "with the Plaintiff allowed to refile his lawsuit in a more appropriate jurisdiction within the time limit prescribed by the Illinois Supreme Court." Rutledge refiled the action in federal court on November 22, 1989. COUNT I alleged a Jones Act claim, based on the 1986 injury, and COUNT II alleged a claim for unseaworthiness, based on the same injury. Chotin filed a summary judgment motion on COUNTS I and II arguing for a three-year statute of limitations bar either from the Death on the High Seas Act, 46 U.S.C. App. § 763a, or from the Federal Employer's Liability Act, 45 U.S.C. § 56.[2] The district court granted the motion. Rutledge then attempted to reinstate his action in the Illinois state court, and Chotin filed a motion in the federal court requesting injunctive relief. The federal court granted the motion and entered an order directing Rutledge to withdraw his motion to reinstate and otherwise refrain from pursuing this action in the state court. Rutledge appeals from the entry of summary judgment for Chotin on COUNTS I and II and from the order of injunctive relief.[3]

## I

The statute of limitations, plus the tolling period allowed by *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), had run by the date this federal action was filed, although it had not run at the time of dismissal.

In opposition to the motion for summary judgment, Rutledge argued that Illinois Supreme Court Rule 187(c)(2) required waiver of the defendant's statute of limitations defense as a condition of dismissal under the doctrine of *forum non conveniens*.

Ill.Rev.Stat. ch. 110A, ¶ 187(c)(2) (1986). Rule 187(c)(2) provides:

Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:

(i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept the service of process from that court; and

(ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.

If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted.

There appear to be at least three possible interpretations of the Rule as it bears upon this case.

A. The condition in paragraph (i) that the new action be filed within six months from dismissal applies to both the acceptance of service in (i) and the waiver of the limitations defense in (ii). Under this interpretation, plaintiff would not be entitled to waiver of the limitations defense because he did not file his new action within six months. The district court rejected this interpretation.

B. The condition in paragraph (i) applies only to the acceptance of service prescribed in (i), and paragraph (ii) applies no matter how long plaintiff waits to file his new action. Paragraph (ii), however, requires the defendant to waive the defense only if the statute "has run" at the time of dismissal of the first action. Under this interpretation, plaintiff would not be entitled to a waiver because the statute had not run at the time of dismissal of the state court action. This was the interpretation applied by the district court.

C. As in B., paragraph (ii) applies no matter how long plaintiff waits to file his new action. Moreover, the defendant must

---

dates. Therefore, Judge Mihm stated in his opinion, the discrepancy was inconsequential and Judge Mihm adopted the date more favorable to the nonmovant, June 19, 1986, as the date of the injury.

**2.** COUNTS III and IV were based upon the second injury of April 1, 1987, and were not barred by the statute of limitations.

**3.** The district court entered a final judgment on COUNTS I and II under Fed.R.Civ.P. 54(b) at the time of its injunctive order.

waive the defense if the statute "has run" at the time the new action is filed. This is the only interpretation under which plaintiff would be entitled to waiver. It was rejected by the district court.

We first consider Interpretation A. It was rejected by the district court because the structure of the Rule indicates that the six months condition, expressed as part of paragraph (i) and not a part of paragraph (ii) does not apply to paragraph (ii). We would not view this as conclusive. The practice notes to Rule 187 state that the provisions were "designed to make sure that the grant of a motion to dismiss based on forum non conveniens is not the occasion for taking tactical advantage of the opposing party." The Rule provides protection from two possible prejudicial situations, one where personal jurisdiction in the new forum would be difficult or impossible to obtain, and the second where the applicable statute of limitations has run (or perhaps is on the verge of running). We are hard put to think of a good reason for limiting the time for refiling as a condition of protection from one type of prejudice, but not the other. The Rule would seem more clearly to accomplish its objectives if it placed a limit with respect to both.

Two decisions of the Supreme Court of Illinois, however, leave the matter unclear, and, of course, it is the final authority. In *McClain v. Illinois Cent. Gulf R.R. Co.*, 121 Ill.2d 278, 117 Ill.Dec. 207, 213, 520 N.E.2d 368, 374 (1988), the Court reversed a denial of a motion to dismiss for *forum non conveniens*. Citing Rule 187(c)(2), the Court remanded

> the cause to the circuit court to dismiss the action on the condition that if the plaintiffs elect to file the action in another forum within six months of the dismissal order, [defendant] shall accept service of process from that court and shall waive the defense of the statute of limitations.

The language is consistent with Interpretation A. In another case, however, also reversing the denial of a similar motion, the Court used language indicating that plaintiff would receive protection from the limitations defense if it filed within one year from dismissal. The Court cited Rule 187(c)(2). *Barnes v. Southern Ry. Co.*, 116 Ill.2d 236, 107 Ill.Dec. 581, 588, 507 N.E.2d 494, 501 (1987). Perhaps the Court may have intended that the court which granted the dismissal should limit the time within which plaintiff is to bring his new action. If that is so, the time allowed in the state court order in the present case was "the time limit prescribed by the Illinois Supreme Court," a meaning not clearly ascertainable.

Because of the confusion described, and because the result can be reached by another route, we shall assume, but not decide, that Interpretation A is incorrect.

Assuming that the six-month limitation does not apply to paragraph (ii), we agree with the district court that Interpretation B should govern, and not Interpretation C.

The district court held that B is the more logical interpretation. It looked at the language in paragraph (ii), "[i]f the statute of limitations has run in the [new] forum," and reasoned that the use of the present perfect tense ("has run") indicates that the "running" is to be concurrent with the dismissal. If the running of the statute was intended to be measured at the time of filing the new action, the district court believed that the future perfect tense ("shall have run") would have been used. We can agree that the future perfect tense would have strengthened the argument in favor of Interpretation C, but the choice of tense does not strike us as conclusive.

Assuming, as we do, that the waiver of the limitations defense was not conditioned upon plaintiff's bringing a new action within six months, Interpretation C seems open-ended and extreme. Under it, a plaintiff could delay filing the new action for as long as he wished, assuming he had no difficulty with service of process, and could demand waiver of the limitations defense which had ripened long after the dismissal.

■ Interpretation B confronts and eliminates directly the possibility for abuse over which the Illinois Supreme Court was concerned, *i.e.*, defendant's use of the motion to gain a tactical advantage where the

statute of limitations has run. On the other hand, Interpretation C is broader than necessary to prevent abuse. If the statute of limitations has run at the time of the dismissal, then defendants could gain a tactical advantage by moving for dismissal under *forum non conveniens*. On the other hand, if the statute of limitations has not run at the time of dismissal, then defendants would not gain any such advantage out of a dismissal because the plaintiff could refile in another forum before the running of the statute of limitations. Thus, to interpret the Rule as requiring waiver when the statute of limitations has run, after dismissal but before refiling, would be to interpret the statute more broadly than necessary to achieve the intended goal. We are aware that "interpretation of an arguably ambiguous state statute demands special care on the part of a federal court. Accordingly, we must endeavor to reach as narrow a holding as possible." *Taylor v. Raymond Corp., Inc.,* 909 F.2d 225, 227 (7th Cir.1990) (refraining from choosing one of two alternative interpretations when either would result in affirmance). We, therefore, assuming that the Rule does not require refiling within six months in order to entitle plaintiff to waiver, hold (with the district court) that Rule 187(c)(2)(ii) requires a waiver only if the statute of limitations has run at the time of dismissal.

## II

Rutledge also appeals from the district court's order directing him to withdraw his motion to reinstate and otherwise refrain from pursuing his action in the state court. In granting Chotin's motion for injunctive relief, the district court reasoned that the motion to reinstate was an attempt to have the state court redetermine the same issue previously decided by the district court, *i.e.,* whether plaintiff was entitled to waiver.

 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28

U.S.C. § 2283 (1990). Section 2283 absolutely prohibits the federal courts from enjoining the state court proceedings unless the injunction is based upon one of the specific statutory exceptions. *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1742–43, 26 L.Ed.2d 234 (1970). Section 2283 applies to orders addressed to the parties such as the order in this case, as well as those addressed directly to the state court. *Id.* at 287, 90 S.Ct. at 1743.

The third exception in § 2283, "to protect or effectuate its judgments," has been called the relitigation exception, and it was "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 147, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988). There seems to be a disagreement among the circuits as to whether the relitigation exception applies only to final judgments. The First and Eleventh Circuits have required that the order being protected constitute a final judgment. *Commerce Oil Refining Corp. v. Miner,* 303 F.2d 125, 128 (1st Cir.1962); *Coastal Petroleum Co. v. U.S.S. Agri-Chemicals,* 695 F.2d 1314, 1319 (11th Cir. 1983). On the other hand, the Second Circuit does not require a final judgment for application of the relitigation exception. *Sperry Rand Corp. v. Rothlein,* 288 F.2d 245, 249 (2d Cir.1961).

In this case, Chotin's motion for summary judgment had previously been granted on COUNTS I and II, but COUNTS III and IV remained outstanding. Judge Mihm had not yet entered a final judgment on COUNTS I and II under Fed.R.Civ.P. 54(b) at the time Rutledge filed his motion to reinstate in the state court. Judge Mihm did, however, enter a final judgment on COUNTS I and II under Rule 54(b) simultaneously with his order of injunctive relief.

 A federal court may employ the relitigation exception to § 2283 in order to protect a final judgment entered under Rule 54(b). *Donelon v. New Orleans Terminal Co.,* 474 F.2d 1108, 1113 (5th Cir.

1973). In *Donelon,* the Fifth Circuit stated that the injunctive order was granted after the court made the partial summary judgment final under Rule 54(b), but both orders appear to have been entered on the same day. We see no reason for requiring that the district court direct entry of final judgment under Rule 54(b) by a separate order. Since the order directing entry of final judgment on COUNTS I and II was included within the injunctive order, Judge Mihm's injunctive order was appropriate, under either of the views described above, as an order to protect or effectuate a final judgment. We do not decide whether the relitigation exception would apply to an order not yet final at the time injunctive relief is ordered.

■ The relitigation exception also requires that the claims or issues, strictly and narrowly defined, enjoined from state litigation actually have been decided by the district court. *Chick Kam,* 486 U.S. at 148, 108 S.Ct. at 1690. In the underlying federal action, the district court granted summary judgment to Chotin on COUNTS I and II, holding that those counts were barred by the three-year statute of limitations. In order to determine whether the counts were barred, the district court was required to first determine whether the statute of limitations was waived by operation of Rule 187(c)(2). The court held that plaintiff was not entitled to waiver of the defense under Rule 187(c)(2).

In Rutledge's motion to reinstate, he asked the state court to find that the defendant violated the conditions placed upon it by Rule 187(c)(2) in refusing to waive its statute of limitations defense. Rule 187(c)(2) provides, "If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted." In order to determine whether the defendant had refused a required waiver and, thus, that Rutledge was entitled to reinstatement, the state court would be required to construe Rule 187(c)(2) and determine whether it entitled plaintiff to waiver in this case. If the defendant's waiver was required in this case, then Cho-

tin improperly refused it and reinstatement would be required. If not, reinstatement would be inappropriate. Thus, Rutledge is essentially asking the state court to redetermine the same issue decided by the district court, the effect of Rule 187(c)(2) on this case.

■ Rutledge argues that the district court did not decide whether reinstatement was appropriate. It is true that the district court decision did not explicitly determine whether the action should be reinstated in state court. However, the relitigation exception allows the district court to enjoin the decision of an issue the result of which is necessarily dictated by the district court's prior decision of another question. *Id.* at 193. In *Chick Kam,* the district court had previously decided that Singapore law must control the action and granted summary judgment on the plaintiff's Jones Act claims, Death on the High Seas Act claims, and general United States maritime law claims. The plaintiff attempted to refile the action in a Texas state court, arguing that Texas law should apply. The district court enjoined the plaintiff from prosecuting or commencing any action against the defendants in any state court. The Supreme Court decided that the relitigation exception was applicable because the district court's decision that Singapore law must control the action necessarily precluded the application of Texas law. *Id.* Likewise, the district court's decision in this case precluded a finding that reinstatement was appropriate. Thus, the injunction was permissible under the relitigation exception of § 2283.

■ Rutledge argues that because this case involves a novel question of state law, the federal court should not prevent the state court from deciding the question. The federal courts have the power and duty to decide questions of state law arising in any case properly before the court. *See, United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). We see no appropriate basis for abstention in this case. If we had substantial doubt, we could certify the question to the Supreme Court of Illinois

under Supreme Court Rule 20, Ill.Rev.Stat. ch. 110A, ¶ 20, and our Circuit Rule 52. We do not deem it necessary.

### III

The judgment of the district court is AFFIRMED.