NOTICE: Under Supreme Court Rule 367 a party has 21 days

    after the filing of the opinion to request a rehearing.

    Also, opinions are subject to modification, correction or

    withdrawal at anytime prior to issuance of the mandate by

    the Clerk of the Court. Therefore, because the following

    slip opinion is being made available prior to the Court's

    final action in this matter, it cannot be considered the

    final decision of the Court. The official copy of the

    following opinion will be published by the Supreme Court's

    Reporter of Decisions in the Official Reports advance

    sheets following final action by the Court.

                                   

                                    Docket No. 79969--Agenda 15--March 1996.

      ALBERT MILLER, Appellee, v. CONSOLIDATED RAIL CORPORATION,

                              Appellant.

                     Opinion filed June 30, 1996.

                                                   

                                    

     JUSTICE McMORROW delivered the opinion of the court:

     This interlocutory appeal arises from the Madison

    County circuit court's order denying defendant's second

    motion to dismiss plaintiff's personal injury lawsuit, based

    on forum non conveniens, following the reinstatement of the

    lawsuit. The appellate court denied defendant's petition for

    leave to appeal the circuit court's ruling. 155 Ill. 2d R.

    306. We subsequently allowed defendant's petition for leave

    to appeal (155 Ill. 2d R. 315), and now affirm the circuit

    court's order.

    

                             BACKGROUND

     On May 17, 1993, plaintiff, Albert Miller, then a

    resident of Knox, Indiana, commenced this lawsuit by filing

    a complaint in the circuit court of Madison County against

    defendant, Consolidated Rail Corporation. Plaintiff's

    lawsuit, brought pursuant to the Federal Employers'

    Liability Act (FELA) (45 U.S.C. §51 et seq. (1988)), seeks

    recovery for injuries allegedly suffered during the course

    of his employment with defendant from May 1955 to April

    1991. Plaintiff's complaint avers that throughout his tenure

    of work with defendant, he was exposed to repetitive trauma

    which has resulted in carpel tunnel syndrome and lumbar

    radiculopathy.

     On June 19, 1993, defendant moved the circuit court to

    dismiss the suit, arguing, inter alia, that plaintiff's suit

    was time-barred under the three-year statute of limitations

    applicable to FELA lawsuits (45 U.S.C. §56 (1988)). Before

    the trial court issued a ruling on this motion, defendant

    moved the court to decline jurisdiction of the lawsuit based

    on the doctrine of forum non conveniens. In support of the

    motion, defendant argued that Madison County was an

    inconvenient forum because plaintiff worked for defendant in

    Indiana and all of the occurrence and medical witnesses

    appeared to be Indiana residents. The motion was granted

    subject to the conditions of Supreme Court Rule 187 (134

    Ill. 2d R. 187). In its order of October 22, 1993, the court

    ruled:

               "Defendant's motion granted with the

              agreement of defendant[ ] that plaintiff shall

              have the right to refile said cause in another

              jurisdiction upon the condition that defendant

              waives the statute of limitations for 6 months

              from the date of this order.

               If defendant fails to waive said statute of

              limitations this cause shall be reinstated. (Rule

              187)."

     On November 2, 1993, plaintiff filed his FELA lawsuit

    in the circuit court of St. Louis, Missouri, where defendant

    and counsel for plaintiff had several FELA matters pending

    at that time. On December 2, 1993, defendant moved the

    Missouri court to dismiss the suit for lack of jurisdiction

    and venue, and on February 8, 1994, defendant moved to

    dismiss the suit on the grounds that it was time-barred

    under FELA's three-year statute of limitations. The Missouri

    court denied both motions. On April 6, 1994, defendant filed

    its answer to the complaint and raised an affirmative

    defense based on the FELA statute of limitations.

    Thereafter, the parties took discovery.

     On November 17, 1994, although the cause had twice been

    set for trial, defendant moved the Missouri court to dismiss

    the suit on the basis of forum non conveniens. Like the

    earlier forum motion filed in Illinois, this motion was also

    based on the theory that Indiana would be a more convenient

    forum. However, before the Missouri court ruled on this

    motion, plaintiff returned to the circuit court of Madison

    County and, on February 9, 1995, moved the court to

    reinstate his FELA lawsuit. In the motion, plaintiff

    asserted that under Supreme Court Rule 187(c)(2) (134 Ill.

    2d R. 187(c)(2)) he was entitled to reinstate his lawsuit in

    Illinois because defendant had failed to abide by the

    conditions of the Madison County court's order of October

    22, 1993, which required defendant to waive the statute of

    limitations defense while the suit was pending in the

    Missouri court.

     Rule 187(c)(2) provides:

               "Dismissal of an action under the doctrine of

              forum non conveniens shall be upon the following

              conditions:

                    (i) if the plaintiff elects to file the

                   action in another forum within six months of

                   the dismissal order, the defendant shall

                   accept service of process from that court;

                   and

                    (ii) if the statute of limitations has

                   run in the other forum, the defendant shall

                   waive that defense.

               If the defendant refuses to abide by these

              conditions, the cause shall be reinstated for

              further proceedings in the court in which the

              dismissal was granted." 145 Ill. 2d R. 187(c)(2).

     In opposition to plaintiff's motion to reinstate,

    defendant argued that Rule 187(c)(2) was not a proper basis

    upon which to reinstate plaintiff's suit. Defendant charged

    that subdivision (c)(2)(i) of Rule 187 did not permit

    plaintiff to refile the dismissed action in Missouri, which

    defendant characterized as a more inconvenient forum than

    Illinois. Defendant also claimed that subdivision (c)(2)(ii)

    should not be interpreted to extend the statute of

    limitations if a lawsuit is time-barred when initially filed

    in Illinois. On March 24, 1995, the Madison County court

    rejected defendant's objections and granted plaintiff's

    motion to reinstate the case. Defendant moved the court to

    certify for appeal the questions it had raised in opposition

    to plaintiff's motion to reinstate (see 155 Ill. 2d R. 308),

    but the court denied this motion. On May 4, 1995, plaintiff

    voluntarily dismissed the lawsuit pending in Missouri.

     On May 30, 1995, defendant once again moved the court

    to dismiss the lawsuit under the doctrine of forum non

    conveniens. Defendant's motion reiterated its position that

    Indiana was a more convenient forum. With the motion,

    defendant included excerpts from plaintiff's deposition

    testimony taken while the lawsuit was pending in Missouri

    wherein plaintiff testified that his employment with

    defendant was entirely in Indiana and that his medical

    witnesses were located in Indiana. On July 14, 1995, the

    circuit court denied defendant's forum motion.

     On August 8, 1995, defendant filed a petition for leave

    to appeal to the appellate court. On September 13, 1995, the

    appellate court, exercising its discretion under Supreme

    Court Rule 306 (155 Ill. 2d R. 306), issued an order denying

    the petition. Thereafter, we granted defendant's petition

    for leave to appeal to this court under Supreme Court Rule

    315 (155 Ill. 2d R. 315).

    

                              ANALYSIS

     As a threshold matter, we address three arguments

    relied upon by plaintiff concerning why we should not

    consider defendant's appeal. Plaintiff contends that we do

    not have jurisdiction over defendant's appeal. Plaintiff

    also asserts that defendant's failure to obtain

    certification of the legal questions it now raises on appeal

    precludes our review of those issues. In addition, plaintiff

    claims that defendant's latest forum motion was untimely and

    therefore waived. We discuss each of these contentions in

    turn.

    

                            Jurisdiction

     Plaintiff contends that this court does not have

    jurisdiction over defendant's appeal because defendant did

    not seek a timely appeal from the orders of the circuit

    court. Although defendant filed a notice of appeal within 30

    days of the circuit court's order denying its latest forum

    motion, plaintiff asserts that the gravamen of defendant's

    appeal concerns the propriety of the circuit court's order

    of October 22, 1993, conditioning dismissal for forum non

    conveniens on defendant's compliance with the conditions in

    Rule 187(c)(2), and also the order of March 24, 1995,

    reinstating plaintiff's lawsuit. Neither of these orders

    were appealed by defendant. Plaintiff argues that

    defendant's latest forum motion does not raise any new

    matters and, as such, may not toll the time within which to

    seek a timely appeal from the circuit court's prior orders.

     Supreme Court 306 (155 Ill. 2d R. 306) governs the

    filing requirements for interlocutory appeals to the

    appellate court from orders of the circuit court denying a

    motion to dismiss on the basis of forum non conveniens. Rule

    306, as amended, provides, in pertinent part:

               "A party may petition for leave to appeal to

              the   Appellate Court from the following orders of

              the trial court:

                    ***

                    (2) from an order of the circuit court

                   allowing or denying a motion to dismiss on

                   the grounds of forum non conveniens ***."

                   155 Ill. 2d R. 306(a)(2).

    Rule 306 also provides that "[a]n original and three copies

    of the petition *** shall be filed in the Appellate Court in

    accordance with the requirements for briefs WITHIN 30 DAYS

    AFTER THE ENTRY OF THE ORDER." (Emphasis added.) 155 Ill. 2d

    R. 306(b). The 30-day time limit for filing the petition for

    leave to appeal from the denial of forum motions is

    therefore jurisdictional. See McClain v. Illinois Central

    Gulf R.R. Co., 121 Ill. 2d 278, 285-86 (1988); Barnes v.

    Southern Ry. Co., 116 Ill. 2d 236, 241 (1987); Kemner v.

    Monsanto, 112 Ill. 2d 223, 236 (1986).

     The notice of appeal from the circuit court's order of

    July 14, 1995, denying defendant's forum motion was filed

    within 30 days and therefore Rule 306 directly applies.

    Since the promulgation of Rule 306, three decisions of this

    court have recognized that, for jurisdictional purposes,

    petitions for leave to appeal may be filed within 30 days of

    all interlocutory orders denying a motion to dismiss on the

    basis of forum non conveniens. See Kemner, 112 Ill. 2d at

    238-39; Barnes, 116 Ill. 2d at 244-45; McClain, 121 Ill. 2d

    at 286-87. Like the orders timely appealed from in those

    cases, the circuit court's order of July 14, 1995, denying

    defendant's latest forum motion was interlocutory in nature

    and thus appealable under Rule 306. Since defendant filed a

    timely petition for leave to appeal from that order, we may

    properly exercise jurisdiction over this appeal.

    

                            Certification

      Plaintiff also asserts that defendant's failure to

    obtain the circuit court's certification of particular

    questions of law pursuant to Supreme Court Rule 308 (155

    Ill. 2d R. 308) precludes our review of defendant's appeal.

    Plaintiff points out that after his lawsuit was reinstated

    in Madison County, the circuit court denied defendant's

    request to certify questions of law regarding the

    reinstatement. Plaintiff contends that we are prevented from

    reviewing defendant's appeal because defendant raises the

    same issues which the circuit court declined to certify

    pursuant to Rule 308.

     In the present case, defendant's appeal is specifically

    authorized by Rule 306. While it is true that defendant did

    not obtain the requisite certification from the circuit

    court for a permissive interlocutory appeal from order

    reinstating plaintiff's lawsuit, defendant's appeal is not

    from that order. Rather, defendant appeals from the circuit

    court's order of July 14, 1995, denying its motion to

    dismiss on the grounds of forum non conveniens. Such an

    appeal does not require certification of legal questions and

    is specifically authorized by Rule 306. 155 Ill. 2d R.

    306(a)(2); see also McClain, 121 Ill. 2d at 287; Barnes, 116

    Ill. 2d at 244-45; Kemner, 112 Ill. 2d at 239. Thus,

    plaintiff's argument is without merit.

    

                             Rule 187(a)

     Plaintiff further claims that we should not consider

    defendant's appeal from the denial of its latest forum

    motion because that motion was not timely filed with the

    circuit court and, as a result, any consideration of it has

    been waived. Plaintiff directs our attention to Supreme

    Court Rule 187(a), which requires that all forum non

    conveniens motions be filed no later than 90 days after the

    last day allowed for the filing of that party's answer. 134

    Ill. 2d R. 107(a). Plaintiff argues that since defendant's

    latest forum motion was filed on May 30, 1995, nearly two

    years following defendant's first responsive pleading, its

    merit should not be considered.

     Rule 187(a) provides:

               "A motion to dismiss or transfer the action

              under the doctrine of forum non conveniens must be

              filed by a party not later than 90 days after the

              last day allowed for the filing of that party's

              answer." 134 Ill. 2d R. 187(a).

    The time limit set forth in Rule 187(a) for the filing of

    forum motions is unambiguous. The rule clearly indicates

    that the 90-day time limit is triggered by the deadline set

    for "the last day allowed for the filing of that party's

    answer." 134 Ill. 2d R. 187(a); see also Barnes, 116 Ill. 2d

    at 250; Kemner, 112 Ill. 2d at 242. Under the rules

    promulgated by this court, the circuit court has broad

    discretion in setting and extending the deadlines for the

    filing of pleadings. See 134 Ill. 2d Rs. 181 through 183.

    However, the record in the present case reveals that the

    circuit court did not set a deadline for the filing of

    defendant's answer, and, in fact, defendant did not file an

    answer in the Illinois suit. Therefore, the time limit set

    forth in Rule 187(a) did not proscribe the circuit court

    from considering defendant's latest forum motion. See

    Barnes, 116 Ill. 2d at 250; Kemner, 112 Ill. 2d at 242.

    

                           Rule 187(c)(2)

     We now address the substantive arguments raised in

    defendant's appeal. The sole issue that defendant asks us to

    consider is the propriety of the circuit court's order

    denying defendant's latest forum motion. On this issue,

    defendant invites us to balance the relevant public and

    private interests which normally bear on assessing whether

    a circuit court abused its discretion in denying a forum

    motion. See, e.g., Washington v. Illinois Power Co., 144

    Ill. 2d 395, 399-404 (1991). In so doing, defendant relies

    on that portion of the circuit court's order of October 22,

    1993, which granted its original forum motion. Defendant

    maintains that the public and private interests have not

    changed since that dismissal and continue to yield the

    conclusion that Indiana is a more convenient forum. In this

    regard, defendant acknowledges that the circuit court's

    order of October 22, 1993, specifically conditioned

    dismissal of plaintiff's lawsuit on defendant's compliance

    with Rule 187(c)(2), which contains the conditions for

    entitlement to dismissal on grounds of forum non conveniens.

    See 134 Ill. 2d R. 187(c)(2). However, by several different

    avenues, defendant asserts that the conditions in Rule

    187(c)(2) do not support the denial of defendant's latest

    forum motion and, as such, should not preclude the court

    from balancing the interests which usually govern the

    granting or denial of a forum motion.

    

                        Subdivision (c)(2)(i)

     Subdivision (c)(2)(i) of Rule 187 provides that "if the

    plaintiff elects to file the action in another forum within

    six months of the dismissal order, the defendant shall

    accept service of process from that court." 134 Ill. 2d R.

    187(c)(2)(i). Defendant challenges this condition as

    impermissibly requiring a waiver of its constitutional right

    to object to that forum's lack of personal jurisdiction over

    defendant.

     Defendant's interpretation of subdivision (c)(2)(i) is

    misplaced. The requirements of Rule 187 subdivisions

    (c)(2)(i) and (c)(2)(ii) are conditions precedent to the

    granting of a defendant's motion to dismiss based on forum

    non conveniens. See 134 Ill. 2d R. 187(c)(2); see also

    McClain, 121 Ill. 2d at 292. The language setting forth the

    condition found in subdivision (c)(2)(i) is straightforward.

    Subdivision (c)(2)(i) does not impose any requirement on

    defendant to waive personal jurisdictional challenges to

    another forum. Rather, subdivision (c)(2)(i) merely provides

    that, as a condition for entitlement to dismissal on the

    basis of forum non conveniens, defendant shall accept

    service of process if plaintiff files in another forum

    within six months of the dismissal. See McClain, 121 Ill. 2d

    at 292. The condition of acceptance of service of process

    does not equate with a waiver of personal jurisdictional

    challenges to another forum.

     Indeed, in the instant case, defendant was not

    compelled by subdivision (c)(2)(i) to waive its right to

    object to another forum's lack of personal jurisdiction. The

    record reveals that after plaintiff filed his lawsuit in

    Missouri, defendant challenged the Missouri court's

    jurisdiction over defendant. The record also reveals that

    the Missouri court held a hearing on the motion, considered

    its merit, and later denied the motion. Therefore,

    subdivision (c)(2)(i) of Rule 187 did not operate to prevent

    defendant from raising personal jurisdictional challenges.

     Defendant also contends that subdivision (c)(2)(i) does

    not permit a plaintiff to file a lawsuit in a forum which is

    less convenient than the court which previously dismissed

    the suit on the basis of forum non conveniens. According to

    defendant, plaintiff's choice of Missouri is less convenient

    than Illinois, and it would be irrational to apply

    subdivision (c)(2)(i) to allow such a result.

     Subdivision (c)(2)(i) does not address where a

    plaintiff may file a lawsuit after the suit has been

    dismissed for forum non conveniens. As noted above, that

    subdivision merely puts forth as a condition precedent for

    a defendant's entitlement to dismissal on the basis of forum

    non conveniens that if the plaintiff decides to file suit in

    "another forum," then defendant will accept service of

    process from that forum. 134 Ill. 2d R. 187(c)(2)(i); see

    also McClain, 121 Ill. 2d at 292. By its terms, subdivision

    (c)(2)(i) contains no qualifying criteria regarding

    plaintiff's choice of an alternate forum. See McClain, 121

    Ill. 2d at 292. Therefore, we reject defendant's attempt to

    engraft such a qualification on subdivision (c)(2)(i).

    

                       Subdivision (c)(2)(ii)

     Subdivision (c)(2)(ii) of Rule 187 provides that "if

    the statute of limitations has run in the other forum, the

    defendant shall waive that defense." 134 Ill. 2d R.

    187(c)(2)(ii). Defendant contends that the condition that

    defendant waive the statute of limitations defense, if the

    statute of limitations has run in the other forum, applies

    to lawsuits which are not time-barred under the applicable

    statute of limitations only when initially filed in the

    Illinois court that dismissed the lawsuit for forum non

    conveniens. In the instant case, defendant argues, the

    statute of limitations had run in Illinois at the time the

    suit was initially filed in 1993. Defendant contends that

    the three-year statute of limitations applicable to FELA

    lawsuits is a constant, regardless of the forum in which

    plaintiff files suit. See 45 U.S.C. §56 (1988). Therefore,

    the three-year limit had run in both Illinois and Missouri,

    and Rule 187 does not preclude defendant's reliance on the

    statute of limitations period. Defendant maintains that

    "Rule 187(c)(2)(ii) was never intended to place Conrail in

    a position of waiving its FELA statutory defense if it would

    have been applicable had the matter remained in Illinois."

    Defendant claims that the waiver condition of subdivision

    (c)(2)(ii) only applies to the "subsequent running of the

    statute of limitations" which would preserve plaintiff's

    rights if the initial suit was timely filed. According to

    defendant, plaintiff's lawsuit was time-barred under FELA's

    statute of limitations when it was initially filed in

    Madison County and, as a result, defendant's assertion of

    the FELA statute of limitations while plaintiff's FELA

    lawsuit was pending in Missouri did not violate the

    condition of subdivision (c)(2)(ii) or the Madison County

    circuit court's order of October 23, 1993. Therefore,

    defendant is not barred from again moving to dismiss based

    on forum non conveniens.

     Like the condition in subdivision (c)(2)(i), the

    condition in subdivision (c)(2)(ii) applies to all

    dismissals on the basis of forum non conveniens by an

    Illinois court. See McClain, 121 Ill. 2d at 292. As a

    result, the plain language of subdivision (c)(2)(ii)

    instructs that the condition applied to the circuit court's

    denial of defendant's latest forum motion in the instant

    case.

     Defendant, by raising the statute of limitations while

    plaintiff's lawsuit was pending in the Missouri court,

    violated the condition in subdivision (c)(2)(ii). Even

    though no decision of this court has expressly adopted an

    approach regarding the scope of the condition in subdivision

    (c)(2)(ii), language from McClain and Barnes reflects an

    apparent difference of opinion as to the time constraint of

    its applicability. See McClain, 121 Ill. 2d at 292; Barnes,

    116 Ill. 2d at 251. In each of those cases, this court

    reversed the denial of a defendant's forum motion and

    directed the circuit court to enter an order dismissing the

    lawsuit on the basis of forum non conveniens. See McClain,

    121 Ill. 2d at 292; Barnes, 116 Ill. 2d at 251. However, in

    so doing, McClain and Barnes each instructed the circuit

    court differently as to the scope of the condition in

    subdivision (c)(2)(ii). See McClain, 121 Ill. 2d at 292;

    Barnes, 116 Ill. 2d at 251. Citing to Rule 187(c)(2), this

    court in McClain stated:

          "We remand the cause of action to the circuit

              court to dismiss the action on the condition that

              if the plaintiffs elect to file the action in

              another forum within six months of the dismissal

              order, [defendant] shall accept service of process

              from that court AND shall waive the defense of the

              statute of limitations." (Emphasis added.)

              McClain, 121 Ill. 2d at 292.

    McClain apparently construed the six-month contingency of

    the condition imposed by the condition in subdivision

    (c)(2)(i)--that the suit be filed in another forum within

    six months of the dismissal--to apply to the condition in

    subdivision (c)(2)(ii). See McClain, 121 Ill. 2d at 292. In

    contrast, Barnes employed language indicating that the

    condition of waiving the statute of limitations defense

    would apply where plaintiff elected to file suit in another

    forum at any point up to one year from the dismissal order.

    See Barnes, 116 Ill. 2d at 251. Citing to subdivision

    (c)(2)(ii), this court in Barnes directed the circuit court

    that if defendant asserted the statute of limitations

    defense in a lawsuit filed by plaintiff

               "within one year from the date of dismissal

              of this case, based on the cause of action

              asserted herein, then the plaintiff shall be given

              leave to reinstate this case ***." Barnes, 116

              Ill. 2d at 251.

     The Seventh Circuit Court of Appeals, in Rutledge v.

    Chotin, 972 F.2d 820, 823-24 (7th Cir. 1992), acknowledged

    the inconsistent interpretations of McClain and Barnes as to

    the time constraint imposed by subdivision (c)(2)(ii)'s

    condition of waiver of the statute of limitations and, in

    response, declined to follow either approach. The Rutledge

    court observed that the previously mentioned language of

    McClain was consistent with interpreting the six-month

    contingency of the condition in subdivision (c)(2)(i) to

    apply to both the acceptance of service in subdivision

    (c)(2)(i) and the waiver of the statute of limitations in

    subdivision (c)(2)(ii). See Rutledge, 972 F.2d at 823.

    However, the court assumed that interpretation to be

    incorrect because it was inconsistent with the

    aforementioned language of Barnes. See Rutledge, 972 F.2d at

    823. Instead of adopting either approach, the court

    concluded that the condition in subdivision (c)(2)(ii)

    applies only if the statute of limitations has run at the

    time of the lawsuit's dismissal for forum non conveniens.

    See Rutledge, 972 F.2d at 823-24. In reaching that

    conclusion, the court examined the language of subdivision

    (c)(2)(ii) in isolation from that of subdivision (c)(2)(i)

    and reasoned that "the use of the present perfect tense

    (`has run') indicates that the `running' is to be concurrent

    with the dismissal." Rutledge, 972 F.2d at 823. Our

    appellate court in Revelle v. Davis, 273 Ill. App. 3d 718,

    721 (1995), subsequently embraced Rutledge's approach of

    viewing the condition in subdivision (c)(2)(ii) as being

    separated from the time limitation of subdivision (c)(2)(i).

     We believe that the approach apparently adopted by

    McClain as to the time constraint of the condition in

    subdivision (c)(2)(ii) is consistent with the plain language

    of Rule 187(c)(2). Significantly, the condition in

    subdivision (c)(2)(ii) is expressly preceded by the word

    "and" connecting that subdivision with the language setting

    forth the condition in subdivision (c)(2)(i). See 134 Ill.

    2d R. 187(c)(2). In interpreting an enactment, it is well

    established that the use of the word "and" in the

    conjunctive is appropriate and will be given effect unless

    such use would produce a result not intended. See People ex

    rel. Department of Registration & Education v. D.R.G., Inc.,

    62 Ill. 2d at 401, 405 (1976). We do not perceive any basis

    upon which to construe the term "and" connecting the time

    constraint in subdivision (c)(2)(i) with that of subdivision

    (c)(2)(ii) as being superfluous especially where the

    condition in subdivision (c)(2)(i) already requires

    defendants to accept service of process as long as a

    plaintiff files its lawsuit in another forum within six

    months of dismissal on the basis of forum non conveniens.

    Accordingly, we hold that the condition in subdivision

    (c)(2)(ii) requiring a defendant to waive the statute of

    limitations defense applies where a plaintiff files the

    lawsuit previously dismissed for forum non conveniens within

    six months of the dismissal. In other words, a defendant is

    entitled to dismissal from an Illinois court on the basis of

    forum non conveniens only if the defendant accepts service

    of process and waives the statute of limitations defense

    where a plaintiff files suit in another forum within six

    months of the dismissal. To the extent that Barnes is

    inconsistent with that holding, it is overruled, as is the

    approach to subdivision (c)(2)(ii) taken by the appellate

    court in Revelle.

     In the case at bar, the circuit court properly denied

    defendant's second motion to dismiss based on forum non

    conveniens. The record reveals that after the circuit

    court's order of October 22, 1993, dismissing plaintiff's

    lawsuit on the basis of forum non conveniens, plaintiff

    filed the suit in the circuit court of St. Louis on November

    22, 1993. Even though defendant accepted service of process

    from the Missouri court in compliance with the condition in

    subdivision (c)(2)(i), defendant raised the statute of

    limitations twice while the suit was pending in that court

    in violation of the condition in subdivision (c)(2)(ii). As

    a result, the circuit court properly found that defendant

    was not again entitled to dismissal on the basis of forum

    non conveniens, and we need not inquire into whether Madison

    County is currently an inconvenient forum for plaintiff's

    lawsuit.

     Although defendant views the condition in subdivision

    (c)(2)(i) as prejudicially requiring a waiver of the statute

    of limitations defense in another forum where it is a viable

    defense both in that forum and while the lawsuit was

    previously pending in the Illinois court which granted the

    dismissal for forum non conveniens, defendant merely

    obfuscates the issue. In such instances, a defendant may

    successfully raise the statute of limitations in the first

    instance in the Illinois court and have the case dismissed.

    A defendant is not under a procedural obligation to seek or

    accept dismissal for forum non conveniens before raising the

    statute of limitations while the lawsuit is pending in the

    Illinois court from which defendant seeks dismissal on the

    basis of forum non conveniens. In the instant case,

    defendant voluntarily elected to make a forum motion and to

    accept the circuit court's ruling on that motion before a

    ruling was issued on defendant's motion to dismiss based on

    the FELA statute of limitations. That is defendant's right.

    However, defendant may not now claim that it has been

    prejudiced because it has chosen to accept the circuit

    court's ruling on its forum motion and to subsequently raise

    the statute of limitations in another forum in violation of

    the condition in subdivision (c)(2)(ii). Whether defendant

    has been prejudiced by its own procedural maneuvering is

    irrelevant, such a claim is in derogation of Rule 187(c)(2).

     Because the circuit court did not abuse its discretion

    in denying the motion to dismiss this cause, the appellate

    court did not abuse its discretion in denying the defendant

    leave to appeal under Supreme Court Rule 306. The orders of

    the appellate court and circuit court are affirmed and the

    cause is remanded to the circuit court for further

    proceedings.

    

    Orders affirmed;

                                                    cause remanded.

                                                                   

                                                                      JUSTICE MILLER, dissenting:

     Unlike the majority, I do not believe that the

    defendant, Consolidated Rail Corporation (Conrail), has

    forfeited the right to seek dismissal of the plaintiff's

    action on grounds of forum non conveniens. The trial judge

    erred in denying Conrail's present motion, and I would

    reverse the judgment of the court below.

     The plaintiff originally brought the present action in

    the circuit court of Madison County, seeking recovery under

    the Federal Employers' Liability Act (45 U.S.C. §§51 through

    59 (1988)) (FELA) for injuries allegedly caused by his

    exposure to repetitive trauma during the years of his

    employment with the railroad, from 1955 to 1991. Conrail

    moved for dismissal of the suit initially on the ground that

    it was barred by FELA's three-year statute of limitations

    (45 U.S.C. §56 (1988)) and later on the ground of forum non

    conveniens. Without ruling on the statute of limitations

    question, the trial court dismissed the action on grounds of

    forum non conveniens. The plaintiff then filed his action in

    Missouri, in the circuit court of the City of St. Louis.

    After Conrail made unsuccessful challenges in Missouri to

    that court's jurisdiction and to the timeliness of the suit,

    the plaintiff returned to the circuit court of Madison

    County and sought leave to have the case reinstated in

    Illinois. In support of that request, the plaintiff

    contended that Conrail's objections in the Missouri court

    violated the conditions of the order dismissing the Illinois

    action that the defendant would accept service in the new

    forum and would waive any statute of limitations defense.

    The Illinois court reinstated the plaintiff's action over

    Conrail's objection, and the plaintiff subsequently

    dismissed the pending Missouri action. Conrail again moved

    for dismissal of the Illinois action on forum non conveniens

    grounds, and the present appeal is from the denial of that

    motion.

     There is no link between this case and Madison County,

    and the trial judge should have granted Conrail's present

    forum non conveniens motion, just as he had granted the

    defendant's initial motion. According to the materials

    contained in the record, the plaintiff lived in Knox,

    Indiana, when he originally filed suit in Madison County; by

    the time the action was reinstated in Madison County, the

    plaintiff had moved to North Judson, Indiana. Both

    communities are located in northern Indiana and are

    approximately 300 miles from Edwardsville, the county seat

    of Madison County. The plaintiff was employed by Conrail in

    northern Indiana, and it appears that all the occurrence and

    medical witnesses reside in that area as well. There is, in

    brief, no practical connection between the present suit and

    Madison County. That jurisdiction and venue will lie there--

    Conrail's tracks run through the county--is of no

    consequence here, for the doctrine of forum non conveniens

    assumes the existence of more than one forum in which the

    cause may be tried. Vinson v. Allstate, 144 Ill. 2d 306, 310

    (1991).

     Although a plaintiff's choice of a forum is entitled to

    deference, that deference is lessened when the plaintiff is

    not a resident of the place selected. Piper Aircraft Co. v.

    Reyno, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S.

    Ct. 252, 266 ("When the home forum has been chosen, it is

    reasonable to assume that this choice is convenient. When

    the plaintiff is foreign, however, this assumption is much

    less reasonable"). In deciding whether an action should be

    dismissed on grounds of forum non conveniens, a court will

    consider the private interests of the litigants as well as

    matters of concern to society at large. In this case the

    relevant criteria, including the location of witnesses and

    other sources of proof, and the burden imposed on the forum

    of determining a foreign case (see People ex rel. Compagnie

    Nationale Air France v. Giliberto, 74 Ill. 2d 90, 110-11

    (1978), quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501,

    508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947)),

    strongly favor Indiana as the more convenient location, and

    the plaintiff's action should again be dismissed on grounds

    of forum non conveniens.

     The majority nonetheless upholds the circuit court's

    decision denying Conrail's latest forum non conveniens

    motion. The majority agrees with the plaintiff that Conrail,

    by raising a statute of limitations defense to the Missouri

    suit, failed to comply with the conditions of the earlier

    order dismissing the plaintiff's action. The majority thus

    concludes that Conrail cannot raise a fresh challenge to the

    plaintiff's selection of a forum.

     Supreme Court Rule 187(c)(2) states:

               "Dismissal of an action under the doctrine of

              forum non conveniens shall be upon the following

              conditions:

                    (i) if the plaintiff elects to file the

                   action in another forum within six months of

                   the dismissal order, the defendant shall

                   accept service of process from that court;

                   and

                    (ii) if the statute of limitations has

                   run in the other forum, the defendant shall

                   waive that defense.

          If the defendant refuses to abide by these

              conditions, the cause shall be reinstated for

              further proceedings in the court in which the

              dismissal was granted." 134 Ill. 2d R. 187(c)(2).

     As a preliminary matter, I agree with the majority that

    the six-month time limit contained in subsection (i) applies

    as well to subsection (ii). I do not agree with the court,

    however, that Conrail violated one of the conditions of the

    original dismissal order by raising in Missouri the same

    objection to the timeliness of the plaintiff's action that

    Conrail had previously raised in Illinois.

     Contrary to the majority's view, there is no reason to

    require a successful forum non conveniens movant to forgo in

    the new forum a statute of limitations defense that it could

    have raised at the original place of trial. The two grounds

    for dismissal are independent of each other, and there is no

    basis for subordinating one to the other. As Conrail

    observes, the plain purpose of the requirement of Rule

    187(c)(2)(ii) regarding waiver of the statute of limitations

    is to protect the plaintiff from having a viable action

    transferred to a forum where it would be instantly time-

    barred, as a result of either the passage of time since the

    action was filed or the application of a shorter limitations

    period in the receiving state. Thus, the rule will preclude

    a defendant from raising in the new forum a statute of

    limitations defense that was not available in the original

    forum. In the present case, however, the plaintiff's action

    is governed by the same three-year limitations period

    wherever it is filed. In the Missouri court Conrail merely

    sought to raise the same defense it had already raised in

    Illinois, and clearly the purpose of the rule is not

    implicated in these circumstances.

     After today's decision, defendants contemplating a

    forum non conveniens motion are well advised to seek that

    relief only after they are certain that the plaintiff's suit

    is timely. As the majority acknowledges, its interpretation

    of Rule 187 effectively requires a defendant to first obtain

    a ruling on a statute of limitations defense before seeking

    dismissal of the action because of forum non conveniens.

    Raising the limitations defense in the new forum will,

    regardless of the outcome there, enable the plaintiff to

    return the case to the original forum. Ironically, the

    statute of limitations question must therefore be resolved

    by a court that might have no connection at all with the

    controversy.

     In this manner, too, the majority erects a strong

    disincentive to the prompt resolution of forum non

    conveniens questions. If the price of a successful forum non

    conveniens motion is the waiver of any objection to the

    timeliness of the plaintiff's action, many defendants who

    still seek transfer to a more convenient place will likely

    postpone making those requests until the time allowed by

    Rule 187(a) for such motions is about to expire, or at least

    until they believe that there is no limitations defense

    available in the original forum.

     Conrail now finds itself back in the circuit court of

    Madison County, a demonstrably inconvenient forum, as

    evidenced by the trial judge's earlier decision granting the

    railroad's initial forum non conveniens motion. "Forum non

    conveniens is a doctrine that is founded in considerations

    of fundamental fairness and sensible and effective judicial

    administration." Adkins v. Chicago, Rock Island & Pacific

    R.R. Co., 54 Ill. 2d 511, 514 (1973). The majority's result

    in this case is contrary to the purposes of the doctrine and

    inconsistent with fundamental fairness and sensible and

    effective judicial administration.

    

     JUSTICE HEIPLE joins in this dissent.